**BARBARA ALEXANDER, Esquire**
**Associate General Counsel**
**For Defendant, Pepco Holdings, Inc. and**
**For PHI Service Company**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **LAWRENCE O' TOOLE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PEPCO HOLDINGS, INC.,**<br><br>**Defendant.** | **Civil Action No.: 1:12-cv-01362-LPS** |

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2012 NOV 16 AM 11:21

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Pepco Holdings, Inc., by and through its attorney, responds to the allegations of Plaintiff's Complaint as follows:

## INTRODUCTION

1. Admitted in part; denied in part. It is admitted that Plaintiff has so alleged; however, Plaintiff's allegations are denied.

2. Denied.

## JURISDICTION AND NATURE OF ACTION

3. The allegations of this paragraph call for a legal conclusion to which no response is required, and therefore, Plaintiff is left to his proofs.

4. The allegations of this paragraph call for a legal conclusion to which no response is required, and therefore, Plaintiff is left to his proofs.

5. The allegations of this paragraph call for a legal conclusion to which no response is required, and therefore, Plaintiff is left to his proofs.

6. Denied as stated. By way of further response, Plaintiff was not employed by Defendant Pepco Holdings, Inc.; rather, he was employed by PHI Service Company

7. Denied as stated. By way of further response, Plaintiff was not employed by Defendant Pepco Holdings, Inc.; rather, he was employed by PHI Service Company as a Graphics Designer.

8. Denied as stated. By way of further response, Plaintiff was not employed by Defendant Pepco Holdings, Inc.; rather, he was employed by, and received his paychecks from, PHI Service Company

9. Denied.

**PARTIES**

10. Admitted upon information and belief.

11. The allegations of this paragraph call for a legal conclusion to which no response is required, and therefore, Plaintiff is left to his proofs. To the extent this paragraph requires a response, it is denied as stated. By way of further response, Plaintiff was not employed by Defendant, Pepco Holdings, Inc.; rather, he was employed by PHI Service Company

12. Admitted.

13. The allegations of this paragraph call for a legal conclusion to which no response is required, and therefore, Plaintiff is left to his proofs.

14. Admitted.

## FACTUAL BACKGROUND

15. Denied as stated. It is admitted only that Plaintiff was employed as a Graphics Designer during the three years prior to the filing of this lawsuit. However, Plaintiff was not employed by Defendant Pepco Holdings, Inc.; rather, he was employed by PHI Service Company

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

20. Admitted.

21. Denied.

22. Denied. [Plaintiff enumerates this paragraph and the one above it both as "Paragraph 21." Defendant has re-designated it as Paragraph 22 to eliminate confusion.]

23. Denied.

24. Denied.

## COUNT I

### (Violation of the Fair Labor Standards Act -- Overtime)

25. Defendant incorporates by reference its responses to Paragraphs 1 through 24, above, as if the same were set forth herein at length.

26. Denied.

27. The allegations of this paragraph call for a legal conclusion to which no response is required, and therefore, Plaintiff is left to his proofs.

**WHEREFORE**, Defendant respectfully requests dismissal of Plaintiff's Complaint, with prejudice, together with attorneys' fees and costs of suit, and such further relief as this Court deems just and equitable.

**COUNT II**

**(Violation of the Fair Labor Standards Act – All Hours Worked)**

28. Defendant incorporates by reference its responses to Paragraphs 1 through 27, above, as if the same were set forth herein at length.

29. Denied.

30. The allegations of this paragraph call for a legal conclusion to which no response is required, and therefore, Plaintiff is left to his proofs. If further response is required, the allegations are denied.

31. Denied.

32. The allegations of this paragraph call for a legal conclusion to which no response is required, and therefore, Plaintiff is left to his proofs.

**WHEREFORE**, Defendant respectfully requests dismissal of Plaintiff's Complaint, with prejudice, together with attorneys' fees and costs of suit, and such further relief as this Court deems just and equitable.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state any claims upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate any damages.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims for punitive damages are vague and subjective and, thus, are unconstitutional under the provisions of the Delaware and the United States Constitution. Further, and alternatively, Plaintiff's Complaint fails to state facts upon which such damages may be awarded.

**FOURTH AFFIRMATIVE DEFENSE**

Some or all of the damages requested by Plaintiff are not recoverable, in whole or in part, as a matter of law.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent they fail to comply with the applicable statutes of limitations and/or repose.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's action is barred based on the equitable doctrines of laches, estoppel, waiver, and unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant's Answer with Affirmative Defenses is based upon currently available information. Defendant explicitly reserves the right to supplement its Answer and/or Affirmative Defenses during the court of this litigation.

**WHEREFORE**, Defendant respectfully demands dismissal of Plaintiff's Complaint with prejudice, together with attorney's fees, costs of suit, and such other relief as the Court deems just and equitable.

By: */s/ Barbara Alexander*
BARBARA ALEXANDER, Esquire
Admitted to Delaware Bar by
Certificate of Limited Practice
Associate General Counsel for
Defendant, Pepco Holdings, Inc.,
and for PHI Service Company
Pepco Holdings, Inc.
500 N. Wakefield Drive
Mail Stop 92DC42
Newark, DE 19702
302-429-3206
barbara.alexander@pepcoholdings.com

DATED: November 16, 2012

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b)(1), I hereby certify that Defendant's Answer has been served on Plaintiff's counsel by mail and electronic transmission.

By: */s/ Barbara Alexander*
BARBARA ALEXANDER, Esquire
Admitted to Delaware Bar by
Certificate of Limited Practice
Associate General Counsel for
Defendant, Pepco Holdings, Inc.,
and for PHI Service Company
Pepco Holdings, Inc.
500 N. Wakefield Drive
Mail Stop 92DC42
Newark, DE 19702
302-429-3206
barbara.alexander@pepcoholdings.com

DATED: November 16, 2012